

FILED

JUN 27 2014

Clerk, U.S. District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DAVID GUNDERSON, <br><br> Petitioner, <br> v. <br><br> LEROY KIRKEGARD; Attorney General of the State of Montana, <br><br> Respondents. | Cause No. CV 13-35-BLG-CSO <br><br> **STIPULATED PROTECTIVE ORDER** |

Pursuant to the Court's June 4, 2014, Order (Doc. 32), the parties have conferred with one another and hereby submit this Proposed Stipulated Protective Order for the Court's approval. Pursuant to *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003) (en banc), this Court enters the following Protective Order regarding (1) testimony provided at deposition or at any evidentiary hearing in this matter from Petitioner David Gunderson's state trial team or state trial counsel and (2) documents and materials derived from the trial team or trial counsel files that Petitioner provides to Respondents in this habeas action.

1. On May 15, 2014, the parties jointly moved for leave to depose Gunderson's state trial counsel and for a briefing schedule to develop and submit the procedural issue regarding the ineffective assistance of counsel (IAC) claim set forth in Gunderson's habeas corpus petition for decision. Respondents request to review Mr. Kelleher's file regarding his representation of Gunderson. Petitioner acknowledges that he has waived the attorney-client privilege by claiming that Mr. Kelleher was ineffective because he failed to request a jury instruction on the lesser-included offense of criminal trespass. He maintains, however, that his waiver is limited to only those communications that are relevant to this claim.

2. Respondents' request to review Mr. Kelleher's file regarding his representation of Gunderson is granted.

3. Mr. Kelleher's duty of confidentiality to Gunderson is waived for the sole purpose of the habeas corpus proceedings in this case. There is no legal or ethical foundation for any disciplinary action or tort complaint against Mr. Kelleher or the public defender's office for breaching the duty of confidentiality in these habeas corpus proceedings.

4. Any testimony adduced at any deposition or evidentiary hearing in this case, by any witness addressing material subject to this order shall be subject

to the limitations on use contained in this Protective Order.[1] To the extent that Mr. Kelleher's file, including the files of other defense team members, is produced to Respondents during this habeas action, such discovery shall be subject to this Protective Order, shall remain confidential, and shall not be disclosed except pursuant to the terms of this Order. Documents that Petitioner contends are privileged shall be clearly designated as such by labeling the documents in a manner that does not prevent reading the text of the documents.

5. All privileged materials produced to Respondents in this action, and any deposition and in-court testimony that addresses privileged material, may be used only for purposes of litigating this habeas corpus proceeding by: (a) Petitioner and the members of the legal team, i.e., lawyers, paralegals, investigators, and support staff, assigned to *Gunderson v. Kirkegard*, by the Office of the Federal Public Defender, and persons retained by Petitioner's counsel to litigate this matter, including, but not limited to, outside investigators, consultants and expert witnesses; and (b) Respondents and the members of the legal team, i.e., lawyers, paralegals, investigators, and support staff, assigned to *Gunderson v. Kirkegard*, by the Montana Department of Justice, Attorney General's Office, and persons retained by Respondents' counsel to litigate this matter, including, but not limited

---

[1] Materials and testimony subject to a privilege and/or subject to the attorney work product doctrine will be referred to collectively hereinafter as "privileged" materials.

to, outside investigators, consultants and expert witnesses. This Protective Order extends to members of the legal teams and all persons retained by the parties to litigate this matter. All such individuals shall be provided with a copy of this Protective Order.

6. Except for disclosure to the persons and agencies described in Paragraph 5 for purposes of litigating this habeas corpus action, disclosure of the contents of privileged materials and testimony, and the materials and testimony themselves, shall not be made to any other persons or agencies, including, but not limited to, prosecutorial agencies and law enforcement personnel, without the Court's order.

7. Pleadings, documents or other exhibits previously filed in this habeas proceeding which may reveal the contents of privileged materials subject to this Protective Order are not to be filed under seal. However, Respondents shall be precluded from using any privileged communications or materials or information contained therein, including any testimony relating to the same, against Petitioner in any manner in any future State proceeding, including a retrial.

8. Petitioner's disclosure of documents from trial counsel's file in this action, and any related testimony by a witness at a deposition or evidentiary hearing in this case, does not constitute a waiver of Petitioner's rights under the

Fifth and Sixth Amendments to the United States Constitution in the event of any retrial.

9. Nothing in this Protective Order is intended to apply to materials or information never subject to the attorney-client or work product privileges in the first place.

10. This Order shall continue in effect after the conclusion of the habeas corpus proceedings and specifically shall apply in the event of a retrial of all or any portion of Petitioner's criminal case. Any modification or vacation of this order shall only be made upon notice to and an opportunity to be heard from both parties.

Presented by: /s/ David Ness
DAVID NESS
Assistant Federal Defender
Counsel for Petitioner

/s/ C. Mark Fowler
C. MARK FOWLER
Assistant Attorney General
Counsel for Respondents

IT IS SO ORDERED.

DATED: June 27, 2014

HONORABLE CAROLYN S. OSTBY
United States Magistrate Judge